IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,                10-CR-211-BR

       Plaintiff,

                                          OPINION AND ORDER

v.

WILLIAM CARL WELSH,

       Defendant.


**DWIGHT C. HOLTON**
United States Attorney
**GARY Y. SUSSMAN**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1030

       Attorneys for Plaintiff

**JOHN S. RANSOM**

1 - OPINION AND ORDER

Ransom Blackman, LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland , OR 97204
(503) 228-0487

      Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on Defendant William Carl Welsh's Motion (#11) to Dismiss the Indictment. For the reasons that follow, the Court **DENIES** Defendant's Motion.

## BACKGROUND

    Because of his 1986 convictions for First Degree Sodomy, Second Degree Sodomy, and First Degree Sexual Abuse, Defendant William Carl Welsh is a registered sex offender in the State of Oregon who is required under Oregon law to register as a sex offender for life. Defendant signed a sex-offender obligation notification form on August 25, 1997, and an initial sex-offender registration form the next day. Between August 1997 and June 1999, Defendant signed four more registration forms: two annual registration forms and two change-of-address forms.

    On January 4, 2000, Defendant was convicted of Using a Child in a Display of Sexual Conduct in Clatsop County and signed a new Notice of Sex Offender Registration Obligation. Defendant signed a similar Notice at the Oregon Correctional Intake Center on

2 -  OPINION AND ORDER

January 18, 2000.

Defendant was released from prison in June 2007, and although he signed a state sex-offender registration form at the Clatsop County Sheriff's Office on June 15, 2007, Defendant alleges he was not informed of federal sex-offender registration requirements at the time of his release from state custody.

Defendant subsequently signed two annual state registrations and one change-of-address registration on March 25, 2008; April 18, 2008; and April 3, 2009.

The government alleges Defendant applied for a passport on April 3, 2009, and flew to Belize on July 15, 2009, where he intended to reside. On September 30, 2009, Defendant was apprehended in Belize on an Oregon parole-violation warrant and was returned to the United States.

On May 25, 2010, a federal grand jury indicted Defendant on a single count of failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). On July 16, 2010, Defendant filed a Motion to Dismiss the Indictment on the ground that Defendant did not knowingly fail to register because he was not properly notified of the requirement to register in violation of federal law under the Sex Offender Registration and Notification Act (SORNA), which became law in 2006 during Defendant's incarceration. *See* Pub. L. No. 109-248, 120 Stat. 587.

On August 11, 2010, the Court heard oral argument on

Defendant's Motion and thereafter took Defendant's Motion under advisement.

## STANDARDS

SORNA created a federal-registration requirement for sex offenders under 42 U.S.C. § 16913:

> (a) In general
>
> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student.  For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.
>
> (b) Initial registration
>
> The sex offender shall initially register--
>
>> (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
>>
>> (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.
>
> (c) Keeping the registration current
>
> A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry.  That

4  -   OPINION AND ORDER

>> jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

With respect to sex offenders in custody who are subject to SORNA's registration requirements, 42 U.S.C. § 16917 provides:

> (a) In general
>
> An appropriate official shall, shortly before release of the sex offender from custody, or, if the sex offender is not in custody, immediately after the sentencing of the sex offender, for the offense giving rise to the duty to register--
>
>> (1) inform the sex offender of the duties of a sex offender under this subchapter and explain those duties;
>>
>> (2) require the sex offender to read and sign a form stating that the duty to register has been explained and that the sex offender understands the registration requirement; and
>>
>> (3) ensure that the sex offender is registered.

Under 18 U.S.C. § 2250(a) and (b), sex offenders who fail to register in accord with SORNA are subject to fines, imprisonment, or both:

> (a) In general.--Whoever--
>
>> (1) is required to register under the Sex Offender Registration and Notification Act;
>>
>> (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of

5  -  OPINION AND ORDER

>              Columbia, Indian tribal law, or the law
>              of any territory or possession of the
>              United States; or
>
>              (B) travels in interstate or foreign
>              commerce, or enters or leaves, or
>              resides in, Indian country; and
>
>              (3) knowingly fails to register or
>              update a registration as required by the
>              Sex Offender Registration and
>              Notification Act;
>
>       shall be fined under this title or imprisoned
>       not more than 10 years, or both.
>
>       (b) Affirmative defense.--In a prosecution
>       for a violation under subsection (a), it is
>       an affirmative defense that--
>
>              (1) uncontrollable circumstances
>              prevented the individual from complying;
>
>              (2) the individual did not contribute to
>              the creation of such circumstances in
>              reckless disregard of the requirement to
>              comply; and
>
>              (3) the individual complied as soon as
>              such circumstances ceased to exist.

## **DISCUSSION**

Defendant seeks dismissal of the Indictment on the ground that this prosecution violates his due-process rights because he was unaware of and was not informed about SORNA's federal sex-offender registration requirement; *i.e.,* Defendant contends he did not "knowingly" fail to register in violation of § 2250 because he was not notified of the requirement to register as a sex offender under federal law as required by 42 U.S.C. § 16917.

Defendant contends the failure of state officials to provide him with notice of the federal-registration requirement pursuant to the provisions of § 16917 prohibits the government from prosecuting him under § 2250 for knowingly failing to register.

Defendant concedes three facts: (1) Defendant was required under federal and state law to register as a sex offender, (2) Defendant knew he was required to register as a sex offender under Oregon law, and (3) Defendant thereafter traveled in foreign commerce outside of the United States to Belize.

The government contends a sex-offender's due process rights are satisfied if the offender knows of any legal requirement to register as a sex offender, whether under state or federal law. Moreover, the government asserts § 2250 is not a specific-intent crime, and, therefore, § 16917 does not alter the knowledge requirement of § 2250(a)(3). Thus, according to the government, Defendant's admitted knowledge of the requirement to register under state law is enough to allow the government to prosecute Defendant for a knowing failure to register under § 2250.

The government cites decisions from several circuit courts that have held a sex offender's knowledge of his legal duty to register under state law is sufficient to allow prosecution of a knowing failure to register under § 2250. In *United States v. Gould*, the Fourth Circuit held § 2250 does not create a specific-intent crime for failing to register; *i.e.*, a sex offender need

7 -   OPINION AND ORDER

not have *willfully* violated the statute to be found guilty of the crime of failing to register.  568 F.3d 459, 468 (4th Cir. 2009).  The Fourth Circuit found the statutory term "knowingly" modifies "fails to register."  *Id*.  Thus, the Fourth Circuit concluded:

> There is no language requiring specific intent or a willful failure to register such that he must know his failure to register violated federal law.  *See Bryan v. United States*, 524 U.S. 184, 192-93, 118 S.Ct. 1939, 141 L.Ed.2d 197 (1998)(noting that "the term 'knowingly' does not necessarily have any reference to a culpable state of mind or to knowledge of the law" and that "the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense").  And as a general matter, ignorance of the law does not provide a defense, for the law presumes that every person knows the law.  *See Cheek v. United States*, 498 U.S. 192, 199, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991).  To assume otherwise would lead to the inability to enforce criminal provisions against persons not learned in the law or unaware of specific statutes.

*Id.*

Several other federal courts of appeals have rejected similar arguments by defendants raising due-process challenges to § 2250 on the ground that they did not have notice of the federal-registration requirement.  *See, e.g., United States v. Hester*, 589 F.3d 86, 92 (2d Cir. 2009)("That [the defendant] had no actual notice of SORNA is not sufficient to render his prosecution pursuant to that statute a violation of his due process rights."); *United States v. Shenandoah*, 595 F.3d 151, 159

(3d Cir. 2010)("Receipt of notice by a sex offender under 42 U.S.C. § 16917 is not an element of the federal offense [under § 2250] with which [the defendant] was charged."); *United States v. Whaley*, 577 F.3d 254, 262 (5th Cir. 2009)(same); *United States v. May*, 535 F.3d 912, 921 (8th Cir. 2008)(the defendant's due-process rights were not violated by a lack of notice of § 2250 because defendant admitted he was aware of the state-law requirement to register), *cert. denied*, 129 S. Ct. 2431 (2009); *United States v. Hinckley*, 550 F.3d 926, 938 (10th Cir. 2008) (defendant's knowledge of state-law requirement to register as sex offender was sufficient notice for purposes of due process), *cert. denied*, 129 S. Ct. 2383 (2009).  The Court finds the reasoning in these cases is persuasive.

Moreover, the Court notes § 2250 does not create an express link between a failure of state officials to meet their obligation under the statute (which conditions certain federal funds on each state's compliance with certain procedural requirements) and the elements of the crime for failure to register.  It is not at all clear that § 16917 is designed to protect the rights of sex offenders, but instead it appears to serve SORNA's goal to achieve state cooperation with federal efforts to improve the efficacy of and to increase compliance with sex-offender registration laws.  *See* 42 U.S.C. § 16901.  *See also United States v. George*, 579 F.3d 962, 965-66 (9th Cir.

9  -   OPINION AND ORDER

2009)("SORNA was enacted to keep track of sex offenders through interstate movement."); *United States v. Begay*, Nos. 09-10249, 09-10258, 2010 WL 3619942, at *6-*8 (9th Cir. September 20, 2010)(Congress intended to create "a system that would track all sex offenders in all parts of the United States and would prevent even the temporary loss of sex offenders from the registration roles."). Indeed, the Court notes the Fourth Circuit in *Gould* distinguished SORNA's statutory mandates on the states from the requirements the statute places on sex offenders themselves and refused to condition the requirements of a sex offender on the state's performance:

> Gould's argument depends on a construction of SORNA that links the requirement imposed on individual sex offenders to register to the requirement imposed on the States to implement the registration standards mandated by SORNA in a manner that would have the requirement imposed on individuals be dependent on the State's implementation. The language of SORNA, however, does not provide that linkage.

568 F.3d at 463. *See also Begay*, 2010 WL 3619942, at *3 ("[A] sex offender's obligations to register and update his registration under SORNA are generally independent of a jurisdiction's implementation of SORNA's requirements.") The U.S. Attorney General echoed this distinction in final guidelines published in 2008:

> Some of the provisions in SORNA are formulated as directions to sex offenders, including those appearing in sections

10 -   OPINION AND ORDER

> 113(a)-(b) [§ 16913's registration
> requirement] . . . .  Other SORNA provisions
> are cast as directions to jurisdictions or
> their officials, such as those appearing in
> section[] . . . 117(a) [§ 16917's
> notification requirement].

The National Guidelines for Sex Offender Registration and Notification, 73 Fed. Reg. 38048 (July 2, 2008).

The Court concludes the affirmative defenses listed in § 2250(b) underscore that the requirements of § 16917 do not alter the knowledge requirement in § 2250(a)(3) because a defendant's failure to register is excused only if "uncontrollable circumstances" prevent a sex offender from registering.  It is significant that even though § 2250(b) lists the affirmative defenses to a failure to register, it does not cite or cross-reference § 16917 nor does it provide that a lack of notice or knowledge of federal-registration requirements is a defense.  Thus, regardless of any lack of notice as to Defendant's federal-registration obligations when he was released from state custody, Defendant is presumed to know the law, and his failure to make himself aware of the federal-registration requirement is not an "uncontrollable circumstance" that justifies his failure to register.

Nevertheless, Defendant contends Title 42 generally and § 16917 specifically should be read to define the terms in § 2250 because some of the terms in § 2250 such as "sex offender" are defined in 42 U.S.C. § 16911.  The Court notes, however, that

11 -   OPINION AND ORDER

neither § 16911 nor Title 42 defines the word "knowingly" at all nor as the equivalent of acting "willfully."  In any event, circuit courts have consistently held the failure to register under § 2250 is not a specific-intent crime and, therefore, does not require knowledge of the specific federal-registration requirement.

Defendant also points out that regulations proposed by the Department of Justice reflect a sex offender must know about the requirement to register under federal law.  *See* Supplemental Guidelines for Sex Offender Registration and Notification, 75 Fed. Reg. 27362 (proposed May 14, 2010).  The proposed regulations, however, provide only that "[s]uccessful prosecution of sex offenders for registration violations under these provisions may require proof that they were aware of *a* requirement to register."  *Id.* (emphasis added).  To the extent such proof is actually required by the language "may," the regulation only requires a sex offender to be aware of "a" requirement to register.  This does not undermine the decisions made by other circuits because those courts have held a defendant's knowledge of the state-law requirement to register is sufficient for purposes of due process under § 2250.

Similarly, Defendant contends on the basis of the Supreme Court's decision in *Liparota v. United States* that § 2250 requires knowledge of the federal-registration requirement in

12 -   OPINION AND ORDER

order for a defendant to fail to register "knowingly."  471 U.S. 419 (1985).  In interpreting a statute that criminalizes certain transfers of food stamps, the Supreme Court held the statute requires knowledge that the food-stamp transfers were, as the statute states, "not authorized by statute or regulation."  *Id.* at 425-28.  The Supreme Court concluded "to interpret the statute otherwise would be to criminalize a broad range of apparently innocent conduct."  *Id.* at 426 (statute might otherwise criminalize accidental possession, alteration, or disposal of food stamps).  That is not the case here because the failure to register by a sex offender who is required to do so under federal and state law cannot be considered otherwise "innocent conduct."  In any event, *Liparota* does not shed any light on whether or why knowledge of the state-law requirement to register would not suffice under § 2250.

Finally, Defendant contends his circumstances are distinguishable from the cases cited by the government because the penalties for failing to register under Oregon law are different and less severe than the penalties under federal law. Defendant, for example, contends Oregon law does not have the reference to foreign travel that appears in § 2250(a)(2)(B). Defendant, however, signed no fewer than four notices of his registration obligations under Oregon law that require Defendant to report "any change in residence" that includes "moving out of

13 -   OPINION AND ORDER

state."  Defendant's argument essentially is that he did not know the precise ramifications of his failure to register and that the differences between the state- and federal-registration schemes support his position that the government should not be permitted to prosecute him under § 2250 without proving actual notice under § 16917.  While Defendant does not cite any authority to support his position, as noted, nearly every federal court of appeals has held knowledge of the specific dictates of SORNA is not required to prosecute a sex offender for a knowing failure to register. Defendant's argument is further undermined by the holdings of several circuits that upheld SORNA's application even to sex offenders who committed sex offenses prior to SORNA's enactment. *See, e.g., Gould*, 568 F.3d at 464-65; *Hinkley*, 550 F.3d at 932, 935-36.  Even though those sex offenders did not know at the time they committed their offenses that they would be subject to SORNA's registration requirements and attendant criminal penalties, courts upheld the applicability of the statute.

In summary, the Court concludes 42 U.S.C. § 16917 does not provide a basis for holding that the definition of "knowingly" in 18 U.S.C. § 2250(a)(3) requires a defendant have specific knowledge of the federal-registration requirement under 42 U.S.C. § 16913 in order for that defendant to be subject to prosecution under § 2250(a).  In accordance with other circuits, the Court holds the crime of failure to register under 18 U.S.C. § 2250(a)

14 -   OPINION AND ORDER

is not a specific-intent crime, and, therefore, the government's prosecution Defendant under 18 U.S.C. § 2250(a) for failing to register as a sex offender as required under SORNA does not violate his due process rights in light of the admitted fact that Defendant knew he was required to register as a sex offender pursuant to Oregon law.  *See Hester*, 589 F.3d at 92; *May*, 535 F.3d at 921.  Accordingly, the Court denies Defendant's Motion.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#11) to Dismiss the Indictment.

IT IS SO ORDERED.

DATED this 21st day of September, 2010.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

15 -   OPINION AND ORDER