**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**WILLIAM CARL WELSH,**

**Defendant.**

**3:10-CR-00211-BR**
**(3:14-CV-01240-BR)**

**OPINION AND ORDER**

**S. AMANDA MARSHALL**
United States Attorney
**GARY Y. SUSSMAN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
(503) 727-1000

Attorneys for Plaintiff

**JAMES F. HALLEY**
735 S.W. First Avenue
2nd Floor
Portland, OR 97204
(503) 295-0301

Attorney for Defendant

**BROWN, Judge.**

This matter comes before the Court on Defendant William Carl Welsh's Motion (#45) for Relief Pursuant to 28 U.S.C. § 2255. For the reasons that follow, the Court **DENIES** Defendant's Motion for Relief.

## BACKGROUND

Defendant has numerous prior convictions in Oregon and California for "hands-on" offenses against minors including convictions in California in 1986 for First Degree Sodomy, Second Degree Sodomy, and First Degree Sexual Abuse, and a conviction in Oregon in 2000 for Using a Child in a Display of Sexually Explicit Conduct. As a result of these and other convictions, Defendant is required under Oregon law to register as a sex offender for life.

Defendant first registered as a sex offender in Oregon in August 1997. Defendant signed four sex-offender registration forms between August 1997 and June 1999. Defendant signed another sex-offender registration form at some point after he completed the sentence on his 2000 conviction. Defendant submitted four more registration forms between June 15, 2007, and April 3, 2009.

Each of the registration forms that Defendant signed informed him of his obligation to update his registration if he

changed his residence or left the state of Oregon.

On April 3, 2009, Defendant submitted an Oregon registration form that again advised him of his obligation to update his registration if he changed his residence or left the state of Oregon. Defendant then convinced his county mental-health worker to assist him in obtaining a passport, which Defendant stated he needed for identification purposes.

On July 15, 2009, Defendant flew from Portland, Oregon, to Belize. An Oregon state parole-violation warrant issued.

On September 30, 2009, Defendant was arrested in Belize. After his arrest Defendant was expelled from Belize and taken into custody on the Oregon state parole-violation warrant when he returned to the United States.

On May 25, 2010, a federal grand jury indicted Defendant for Failing to Register as a Sex Offender in violation of the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250(a).

On September 24, 2010, the Court held a hearing at which Defendant entered a guilty plea on the charge of Failing to Register as a Sex Offender.

On January 7, 2011, the Court sentenced Defendant to a term of 673 days imprisonment and a life term of supervised release.

On January 10, 2011, the Court entered a Judgment. Defendant did not file an appeal.

On August 2, 2014, Defendant filed a Motion for Relief pursuant to 28 U.S.C. § 2255. The Court took Defendant's Motion under advisement on October 15, 2014.

**DISCUSSION**

Defendant moves to vacate or to set aside his sentence on the ground that the Court lacked subject-matter jurisdiction at the time of sentencing.

The government asserts the Court should deny Defendant's Motion because the Court had subject-matter jurisdiction, Defendant's collateral attack is untimely, and Defendant waived his right to collaterally attack his sentence in his Plea Agreement.

**I. This Court had jurisdiction at the time of sentencing.**

Defendant asserts in his Motion that the Court lacked subject-matter jurisdiction at the time of sentencing because Defendant did not violate SORNA when he moved to Belize without updating his Oregon sex-offender registration.

The government asserts this Court had jurisdiction because the Indictment alleged "an offense against a criminal law of the United States." *See* 18 U.S.C. § 3231 (district courts have original jurisdiction "of all offenses against the laws of the United States"). The government contends Defendant's challenge is based on the merits of his conviction rather than this Court's

jurisdiction. The Court agrees.

The Supreme Court and the Ninth Circuit have made clear that district courts have jurisdiction over all crimes cognizable under the authority of the United States. For example, in *United States v. Cotton*, 535 U.S. 625 (2002), the defendant asserted the indictment failed to allege a drug quantity that increased the statutory-maximum sentence, and that defect in the indictment deprived the district court of jurisdiction to impose the statutory-maximum sentence. The Supreme Court held "defects in an indictment do not deprive a court of its power to adjudicate a case." *Id*. at 631. In *United States v. Ratigan* the Ninth Circuit rejected the defendant's claim that the district court lacked subject-matter jurisdiction because the government failed to provide proof of a bank's FDIC-insured status at the time of the robbery. 351 F.3d 957, 963-64 (9th Cir. 2003). The court reasoned even though proof of FDIC insurance "is an element of the crime," the absence of proof of that element "does not thereby undermine the court's subject-matter jurisdiction, or its power to hear the case." *Id*. Here violation of SORNA is a crime cognizable under the authority of the United States, and, therefore, Defendant's challenge goes to the merits of his conviction, rather than this Court's jurisdiction.

The Court concludes pursuant to *Cotton* and *Ratigan* because the Indictment charged Defendant with an offense against the laws

of the United States (SORNA), this Court had jurisdiction to sentence Defendant.

**II. Defendant's Motion is untimely.**

28 U.S.C. § 2255 provides the one-year period during which a defendant may file a petition for a writ of habeas corpus begins to run from "the date on which the judgment of conviction becomes final." "The Supreme Court has held . . . a conviction is final in the context of habeas review when 'a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for *certiorari* elapsed or a petition for *certiorari* finally denied.'" *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001)(quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)). When a prisoner does not take a direct appeal from his conviction, the conviction becomes final for purposes of § 2255 when the time for filing a notice of appeal expires. *Id*.

As noted, the Court entered the Judgment in this matter on January 10, 2011. Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A), the period for Defendant's appeal expired on January 20, 2011, which was ten days after the entry of Judgment. Accordingly, the limitations period for Defendant to file a Motion under § 2255 expired on January 20, 2012. As noted, Defendant did not file his Motion for Relief in this matter until August 2, 2014, which is more than two years after

the limitations period expired.

The Court, therefore, concludes Defendant's Motion for Relief is untimely.

**III. Defendant's Motion is barred under the Plea Agreement.**

Even if Defendant's Motion had been timely, it is barred under the Plea Agreement.

**A. Defendant's Plea Agreement**

When Defendant entered his guilty plea on September 24, 2010, he did so pursuant to a Plea Agreement with the government that provided, among other things:

> Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence . . . . Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on ground of ineffective assistance of counsel.

At the September 24, 2010, hearing, the Court engaged in a colloquy with Defendant to ensure he was knowingly and voluntarily pleading guilty and to review with him the consequences of his plea generally and as provided in the Agreement. The Court discussed Defendant's waiver of the right to bring a collateral challenge to his conviction and sentence as follows:

> THE COURT: Okay. Your plea agreement, in addition to making clear that you are giving up the right to appeal to a higher court, also says you are giving up your right to bring what's called a habeas corpus

> or a post-conviction relief claim in another court to challenge the fact that I allowed you to plead guilty and the sentence imposed.
>
> But this makes clear too, Mr. Welsh, you do not give up rights that you can't give up, like if at some time in the future Congress changes the law and makes the penalty for your crime less severe and says that reduced penalty should be made retroactive, you would have a right to challenge that.
>
> If there was new evidence discovered that would have made a difference in the decision you made today, evidence you couldn't have known about as of now, you would have a right to challenge that.
>
> If somehow it came to you that you thought [counsel] had made an error that was very significant, you would have the right to challenge your conviction based on ineffective assistance of your lawyer, but I can't see how that could happen, especially what you have told me today about your being satisfied with him. I just need you to know that's all within the agreement.
>
> Do you understand that?

THE DEFENDANT: Yes.

Sept. 24, 2010, Hearing Tr. at 25-26.

After finding Defendant's guilty plea was knowing, intelligent, and voluntary, the Court accepted Defendant's plea pursuant to the terms of the Plea Agreement.

**B. Analysis**

The Ninth Circuit has held a defendant may expressly waive his right to appeal or to seek post-conviction relief in a

§ 2255 petition as long as defendant makes the waiver knowingly and voluntarily. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994)("A plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly."). *See also United States v. Benboe*, 157 F.3d 1181, 1183 (9th Cir. 1998)(even when "a plea agreement specifies that no appeal will be taken, it does not waive the right to bring a § 2255 motion unless it does so expressly."); *United States v. DeSantiago-Martinez*, 980 F.2d 582, 582-3 (9th Cir. 1992)(if a waiver of appeal is valid, the appeal must be dismissed).

Here the language of the Plea Agreement is clear. Defendant specifically waived his right both to appeal and to file a collateral attack on his sentence or conviction. In addition, the Court engaged in a colloquy with Defendant at the plea hearing as required by Federal Rule of Criminal Procedure 11(b)(1)(N)[1] regarding the waiver of his rights and the

---

[1] Federal Rule of Criminal Procedure 11 provides in pertinent part:

> Before the court accepts a plea of guilty . . ., the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, . . .:
>
> * * *
>
> (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

consequences of that waiver. Defendant confirmed to the Court that he understood the rights he was waiving, understood the risks of doing so, and knowingly and voluntarily entered into the Plea Agreement. The requirements of Federal Rule of Criminal Procedure 11(b)(1)(N), therefore, were satisfied. *See, e.g., United States v. Arellano-Gallegos*, 387 F.3d 794, 797 (9th Cir. 2004)(Ninth Circuit concluded the district court committed constitutional error when taking defendant's plea and at sentencing by failing to enter into a colloquy with the defendant and specifically referencing the defendant's waiver of his right to appeal as required by Federal Rule of Criminal Procedure 11(b)(1)(N).).

Accordingly, the Court concludes Defendant knowingly and voluntarily waived his right to challenge his sentence either by appeal or by collateral attack on the grounds that he asserts in his Motion. The Court, therefore, denies Defendant's Motion for Relief.

## **CONCLUSION**

For these reasons, the Court **DENIES** Motion (#45) for Relief

Pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

DATED this 8th day of December, 2014.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge